UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

---------------------------------------------------------- x
In re:                                                     :   Chapter 7
                                                           :
BENNU OIL & GAS, LLC, et al.,                              :   Case No.16-35930 (DRJ)
                                                           :
Debtors.[1]                                                :
                                                           :
---------------------------------------------------------- x

**DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING AND
APPROVING THE REJECTION OF THAT CERTAIN PLATFORM USE
AGREEMENT ENTERED INTO WITH BENNU TITAN LLC
*NUNC PRO TUNC* TO NOVEMBER 30, 2016**

The above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") hereby file this motion (the "**Motion**") for entry of an order substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), pursuant to sections 105(a) and 365(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), authorizing and approving the rejection of that certain Platform Use Agreement entered into by and between Debtor Bennu Oil & Gas, LLC ("**Bennu Oil**"), as successor to ATP Oil & Gas Corporation ("**ATP**"), and Bennu Titan LLC ("**Bennu Titan**"), as successor to ATP Titan LLC ("**ATP Titan**"), on September 24, 2010 (as amended, the "**PUA**"), attached hereto as **Exhibit B**, effective *nunc pro tunc* to November 30, 2016.  In support of this Motion, the Debtors respectfully represent as follows:

**JURISDICTION AND VENUE**

1.       This Court has jurisdiction to consider this motion pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and

---

[1]       The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Bennu Blocker, Inc. (9983), Bennu Holdings, LLC (9586) and Bennu Oil & Gas, LLC (5141). The Debtors' address is 1330 Post Oak Blvd, Suite 1600, Houston, TX 77056.

US-DOCS\74627488.4

this motion in this District is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are Bankruptcy Code Sections 105(a) and 365, and rule 6006 of the Bankruptcy Rules.

## BACKGROUND

2. On November 30, 2016 (the "**Petition Date**"), the Debtors filed voluntary petitions in this Court commencing cases for relief under Chapter 7 of the Bankruptcy Code (the "**Chapter 7 Cases**"). The Debtors file this Motion with their bankruptcy petitions so that the PUA may be rejected as soon as possible, such rejection being in the best interest of the estate.

3. In September of 2010, ATP entered into a series of transactions with respect to its multi-column, deep draft, floating drilling and production platform commonly known as the "Titan Platform" (the "**Titan Platform**"). Specifically, (a) ATP contributed the Titan Platform to its indirect subsidiary, ATP Titan, (b) ATP Titan, CLMG Corp. (the "**Titan Agent**") and Beal Bank USA ("**Beal**" or the "**Titan Lender**") entered into that certain Term Loan Agreement by and among Bennu Titan, as borrower, Titan Holdco LLC ("**Titan Holdco**"), the Titan Lender, and the Titan Agent, dated as of September 24, 2010 (as amended, restated, supplemented, or otherwise modified, the "**Titan Loan Agreement**"), pursuant to which Beal extended $350 million in principal amount of loans to ATP Titan, secured by the Titan Platform, and (c) ATP and ATP Titan entered into the Platform Use Agreement (the "**Platform Use Agreement**"), setting forth the terms of ATP's operation of the Titan Platform, which included monthly payments of approximately $5 million to ATP Titan, which were used to service ATP Titan's payment obligations under the Titan Loan Agreement.

4. ATP filed for bankruptcy in this District on August 17, 2012. Bennu Oil was formed as the acquisition vehicle to purchase (via credit bid) substantially all of the assets

of ATP pursuant to Bankruptcy Code Section 363.  The sale to Bennu Oil closed on November 1, 2013.

5. ATP's arrangements related to the Titan Platform were preserved throughout and after ATP's bankruptcy.  Pursuant to ATP's 363 sale, Bennu Oil was assigned the Platform Use Agreement, ATP's equity interests in ATP Titan, and certain of ATP's other assets.  ATP Titan did not file for bankruptcy, but in connection with the closing of ATP's 363 sale, (a) the Titan Loan Agreement was amended, and (b) ATP Titan was renamed "Bennu Titan LLC."

6. Bennu Titan, which owns the Titan Platform, is a debtor in a separate chapter 11 proceeding currently pending in the United States Bankruptcy Court for the District of Delaware, Case No. 16-11870.

7. The Debtors are obligated to make monthly payments of $5 million to Bennu Titan pursuant to the terms of the PUA.  PUA §4.1.  Since filing these Chapter 7 Cases, the Debtors no longer have any operations, and thus have no use for the Titan Platform.

## RELIEF REQUESTED

8. By this Motion, the Debtors seek entry of the Proposed Order, pursuant to sections 105(a) and 365(a) of the Bankruptcy Code and Bankruptcy Rule 6006, authorizing and approving the rejection of the PUA together with all amendments, change orders, supplements, waivers, and side letters related thereto, effective *nunc pro tunc* to November 30, 2016.

9. The Debtors are filing this Motion out of an abundance of caution and out of concern for preserving the value of the Debtors' estates.  The Debtors understand that it will ultimately be the decision of the trustee appointed in these Chapter 7 Cases (the "**Chapter 7 Trustee**") whether to prosecute this Motion.

**BASIS FOR RELIEF REQUESTED**

**A.     The Rejection of the PUA is an Appropriate Exercise of the Debtors' Business Judgment.**

10.     Section 365(a) of the Bankruptcy Code provides that a debtor, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). Section 365(a) allows a debtor "to relieve the bankruptcy estate of burdensome agreements which have not been completely performed." In re Phila. Newspapers, LLC, 424 B.R. 178, 182 (Bankr. E.D. Pa. 2010) (citing Stewart Title Guar. Co. v. Old Republic Nat'l Title Co., 83 F.3d 735, 741 (5th Cir. 1996)).

11.     Courts defer to a debtor's business judgment when determining whether the rejection of an executory contract or unexpired lease is appropriate under section 365(a). See Richmond Leasing Co. v. Capital Bank N.A., 762 F.2d 1303, 1309 (5th Cir. 1985) ("It is well established that 'the question of whether a lease should be rejected . . . is one of business judgment.'" (quoting Grp. Of Institutional Inv'rs v. Chicago, Milwaukee, St. Paul & Pac R.R. Co., 318 U.S. 523, 550 (1943)); *see also* N.L.R.B. v. Bildisco & Bildisco, 465 U.S. 513, 523 (1984) (recognizing courts' use of the business judgment standard in evaluating whether rejection of executory contracts or leases is appropriate); In re AbitibiBowater Inc., 418 B.R. 815, 831 (Bankr. D. Del. 2009) ("A debtor's decision to assume or reject an executory contract is a matter within the 'business judgment' of the debtor." (citation omitted)).

12.     Accordingly, a bankruptcy court should approve a debtor's rejection of an unexpired lease or executory contract if such rejection is supported by a sound business purpose and will benefit the debtor's estate. See Sharon Steel Corp. v. Nat'l Fuel Gas Distrib. Corp., 872 F.2d 36, 39-40 (3d Cir. 1989) (affirming rejection of service agreement as sound exercise of debtors' business judgment where bankruptcy court found rejection would benefit estate); In re

4

Pisces Energy, LLC, NO. 09-36591-H5-11, 2009 WL 7227880, at *6 (Bankr. S.D. Tex. Dec. 21, 2009) ("Courts apply the 'business judgment test,' which requires a showing that the proposed course of action will be advantageous to the estate and the decision be based on sound business judgment."); In re AbitibiBowater Inc., 418 B.R. at 831 (finding that the standard for approving rejection of an executory contract is "not a difficult standard to satisfy and requires only a showing that rejection will benefit the estate." (citation omitted)).

13.     The business judgment rule mandates that a court approve a debtor's business decision unless that decision is a product of bad faith or gross abuse of discretion. Lubrizol Enters., Inc. v. Richmond Metal Finishers, Inc., 756 F.2d 1043, 1047 (4th Cir. 1985), cert. denied, 475 U.S. 1057 (1986); see also Computer Sales Int'l, Inc. v. Federal Mogul (In re Federal Mogul Global, Inc.), 293 B.R. 124, 126 (D. Del. 2003) ("The business judgment test dictates that a court should approve a debtor's decision to reject a contract unless that decision is the product of bad faith or a gross abuse of discretion." (citation omitted)); In re Trans World Airlines, Inc., 261 B.R. 103, 121 (Bankr. D. Del. 2001) ("A debtor's decision to reject an executory contract must be summarily affirmed unless it is the product of 'bad faith, or whim or caprice.'" (citation omitted)).

14.     In this case, ample justification exists for the Debtors' rejection of the PUA. First, the Debtors no longer have any operations, and, therefore, have no use for the Titan Platform. The economic burden of paying for the PUA which provides no benefit to the Debtors' estates is therefore unjustified. Second, the Debtors do not believe that the PUA has any value to third parties that might make it an asset of the Debtors' estates. Third, Bennu Titan is the owner of the Titan Platform, and, therefore, it is more appropriate that it should bear the costs of maintaining its property. The Debtors therefore believe that the PUA is, and will

5

continue to be, an economic burden to the Debtors' estates. Accordingly, rejecting the PUA is a sound exercise of the Debtors' business judgment as it will preserve estate assets and maximize distributions to creditors.[2]

**B.    Retroactive Rejection of the PUA is Appropriate.**

15.    In authorizing the Debtors' rejection of the PUA, the Debtors request that such rejection be effective *nunc pro tunc* to the Petition Date. Bankruptcy courts are empowered to grant such retroactive rejection of a contract or lease under sections 105(a)[3] and 365(a) of the Bankruptcy Code. See, e.g., In re Cafeteria Operators, L.P., 299 B.R. 384, 394 (Bankr. N.D. Tex. 2003) (granting retroactive relief for contract rejection where debtors were "receiving no benefit" from the lease and the contract counterparties "had unequivocal notice of Debtors' intent to reject prior to the filing of the Motions"); In re O'Neil Theatres, Inc., 257 B.R. 806, 808 (Bankr. E.D. La. 2000) (granting retroactive relief noting the circumstances favored granting the relief); In re Chi-Chi's, Inc., 305 B.R. 396, 399 (Bankr. D. Del. 2004) (acknowledging that a bankruptcy court may approve a rejection retroactive to the date the motion is filed after balancing the equities in the particular case); In re Fleming Cos., Inc., 304 B.R. 85, 96 (Bankr. D. Del. 2003) (stating that rejection has been allowed *nunc pro tunc* to the date of the motion or the date the premises were surrendered); Thinking Machs. Corp. v. Mellon Fin. Servs. Corp. (In re Thinking Machs. Corp.), 67 F.3d 1021, 1028 (1st Cir. 1995) (finding that "a bankruptcy court, when principles of equity so dictate, may approve a rejection of a nonresidential lease pursuant

---

[2]    Again, the Debtors note that it will ultimately be the Chapter 7 Trustee's decision whether to prosecute this motion. However, since the Debtors believe there is no value to potentially assuming the PUA, it is very unlikely that the Chapter 7 Trustee will seek to assume the PUA within sixty days of the Petition Date pursuant to Section 365(d)(1) of the Bankruptcy Code. Accordingly, the Debtors see no reason for their estates to incur postpetition costs associated with the PUA during the first sixty days of these Chapter 7 Cases.

[3]    Section 105 of the Bankruptcy Code provides, in relevant part, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

6

US-DOCS\74627488.4

to section 365(a) retroactive to the motion filing date"); In re Amber's Stores, Inc., 193 B.R. 819, 827 (Bankr. N.D. Tex. 1996) (granting retroactive rejection as a function of fairness).

16. In this case, the equities favor retroactive rejection *nunc pro tunc* to the Petition Date. The Debtors ceased all operations on the Petition Date and the PUA has provided them no value since the Petition Date. The Debtors therefore submit that retroactive rejection is necessary, appropriate, and in accordance with applicable law.

### C. The Court Should Waive the Stay Under Bankruptcy Rule 6004(h).

17. The Debtors request a waiver of any stay of the effectiveness of the order approving this motion under Bankruptcy Rule 6004(h). Pursuant to Bankruptcy Rule 6004(h), "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h). The Debtors submit that under the circumstances, ample cause exists to justify the waiver of the 14-day stay imposed by Bankruptcy Rule 6004(h), to the extent it applies.

### RESERVATION OF RIGHTS

18. Nothing in this Motion shall be deemed or construed as a waiver of any claims that the Debtors have against Bennu Titan, whether or not such claims arise under, are related to the rejection of, or are independent of, the PUA.

### NO PRIOR MOTION

19. No prior motion for the relief requested herein has been made by the Debtors to this or any other court.

### NOTICE

20. Notice of this Motion will be given to: (a) the Office of the United States Trustee for the Southern District of Texas; (b) the Office of the United States Trustee for the

District of Delaware; (c) counsel to the Debtors' secured lenders; (d) counsel to Beal and the agent under the Titan Loan Agreement; (e) counsel to Bennu Titan; (f) the Internal Revenue Service; (g) the United States Attorney for the Southern District of Texas; (h) the state attorneys general for states in which the Debtors conduct business; (i) Gerald H. Schiff, as chapter 11 trustee to Bennu Titan, (j) Janet Northrup, anticipated interim Chapter 7 Trustee; and (k) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, under the circumstances, no other or further notice is required.

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, (i) authorizing and approving the rejection of the PUA *nunc pro tunc* to the Petition Date and (ii) granting such other and further relief as is just and proper.

Dated: November 30, 2016
      Houston, Texas

GARDERE WYNNE SEWELL LLP

/s/*John P. Melko*
John P. Melko
Michael K. Riordan
2000 Wells Fargo Plaza
1000 Louisiana Street
Houston, Texas 77002
Telephone:   713-276-5727
Facsimile:    713-276-6727
Email: jmelko@gardere.com
        mriordan@gardere.com

# Exhibit A

# Proposed Order

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

------------------------------------------------------------ x
In re:                                                       :     Chapter 7
                                                             :
BENNU OIL & GAS, LLC, <u>et al</u>.,                         :     Case No.[16-XXXXX (__)]
                                                             :
Debtors.[1]                                                  :
                                                             :
------------------------------------------------------------ x

**ORDER AUTHORIZING AND APPROVING THE REJECTION OF THAT CERTAIN PLATFORM USE AGREEMENT ENTERED INTO WITH BENNU TITAN LLC *NUNC PRO TUNC* TO NOVEMBER 30, 2016**

Upon the motion (the "**Motion**")[2] for entry of an order pursuant to sections 105(a) and 365(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and rule 6006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), authorizing and approving the rejection of that certain platform use agreement entered into by and between Debtor Bennu Oil & Gas, LLC ("**Bennu Oil**"), as successor to ATP Oil & Gas Corporation, and Bennu Titan LLC ("**Bennu Titan**"), as successor to ATP Titan LLC, on September 24, 2010 (as amended, the "**PUA**"), attached to the Motion as **Exhibit B**, effective *nunc pro tunc* to November 30, 2016; and due and sufficient notice of the Motion having been provided under the particular circumstances, and it appearing that no other or further notice need be provided; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court

---

[1]   The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Bennu Blocker, Inc. (9983), Bennu Holdings, LLC (9586) and Bennu Oil & Gas, LLC (5141). The Debtors' address is 1330 Post Oak Blvd, Suite 1600, Houston, TX 77056.

[2]   Terms not otherwise defined herein shall have their respective meanings ascribed to them in the Motion.

2

US-DOCS\74627488.4

pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that the relief requested in the Motion is in the best interests of the Debtors, their estates and creditors, and all other parties in interest, and that the legal and factual bases set forth in the Motion, establish just cause for the relief granted herein; and after due deliberation thereon and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is **GRANTED** as set forth herein.

2. The PUA identified in **Exhibit B** of the Motion, including any amendments, change orders, supplements, waivers, and side agreements related thereto, is rejected by the Debtors effective as of November 30, 2016.

3. Nothing in the Motion or this Order shall be deemed or construed as a waiver of any claims that the Debtors have or may have against Bennu Titan, whether or not such claims arise under, are related to the rejection of, or are independent of, the PUA.

4. To the extent it may be applicable, the 14-day stay imposed by Bankruptcy Rule 6004(h) is hereby waived and this Order shall be immediately effective and enforceable upon its entry.

5. Notice of the Motion as provided therein shall be deemed good and sufficient notice thereof.

6. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

7. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: November __, 2016
      [_____], Texas

                                                                     THE HONORABLE [_____]
                                                                     UNITED STATES BANKRUPTCY JUDGE

US-DOCS\74627488.4

**Exhibit B**

**The PUA**

US-DOCS\74627488.4