IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In Re: § | | Chapter 7 |
| § | | |
| BENNU OIL & GAS, LLC, *et al.*[1] § | | Case No. 16-35930 |
| § | | |
| § | | (Jointly Administered) |
| Debtors. § | | |

**ENI PETROLEUM'S LIMITED OBJECTION TO NOTICE
OF (I) TRUSTEE'S REQUEST FOR AUTHORITY TO ASSUME
AND ASSIGN CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED
LEASES, AND (II) TRUSTEE'S PROPOSED CURE AMOUNTS**
(Relates to Dkt. No. 158)

Comes now Eni Petroleum US LLC ("Eni Petroleum"), who files this limited objection (this "Limited Objection") and reservation of rights to the *Notice of (I) Trustee's Request for Authority to Assume and Assign Certain Executory Contracts and Unexpired Leases, and (II) Trustee's Proposed Cure Amounts* (the "Assumption Notice").

**RELEVANT BACKGROUND**

1.  On July 12, 2017, the Trustee filed the *Trustee's Emergency Motion Seeking the Entry of an Order: (i) Approving Auction and Bidding Procedures, Breakup Fee, and Procedures for the Assumption and Assignment of Executory Contracts; (ii) Approving Notice Procedures for the Solicitation of Bids and an Auction; (iii) Scheduling a Hearing on Approval of the Sale of the Debtor's Clipper Assets Free and Clear of All Liens, Claims, Charges, and Encumbrances and the Assumption and Assignment of Executory Contracts; and (iv) Granting Related Relief* [Dkt. No. 144] (the "Motion"), through which the Trustee requested, among other things, the entry of an

---

[1] The Debtors in these jointly administered chapter 7 cases are Bennu Oil & Gas, LLC (Case No. 16-35930), Bennu Blocker, Inc. (Case No. 16-35931), and Bennu Holdings, LLC (Case No. 16-35932).

#5374113.2

order (the "Sale Order") authorizing and approving: (a) the sale of substantially all of the Debtor's Clipper properties and related assets (the "Clipper Assets") free and clear of all liens, claims and encumbrances, with all such liens, claims and encumbrances attaching with the same validity and priority to the sale proceeds, to the purchaser, and (b) procedures for the assumption and assignment of executory contracts and unexpired leases.

2. On July 14, 2017, the Court entered an order approving the Motion (the "Bidding Procedures Order") and scheduling a hearing on the sale for August 1, 2017 at 11:30 a.m. (CST). On July 25, 2017, Eni Petroleum received the Assumption Notice, which listed, among other contracts, the *Production Handling and Operating Services Agreement (as amended)* (the "Services Agreement") between the Debtors and Eni Petroleum, with a proposed cure cost of $0.00.

## LIMITED OBJECTION

3. Section 365 of the Bankruptcy Code authorizes a debtor to assume, assume and assign, or reject its executory contracts and unexpired leases subject to the approval of the Court. The relevant provisions of section 365 provide:

> (a) Except as provided in . . . subsections (b), (c), and (d) of this section, the trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor.
>
> (b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee:
>
> (A) cures, or provides adequate assurance that the trustee will promptly cure, such default . . . ;
>
> (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtors to such

>   contract or lease, for any actual pecuniary loss to such party resulting from such default; and
>
>   (C) provides adequate assurance of future performance under such contract or lease . . . .

*See* 11 U.S.C. § 365 (a), (b)(1). Accordingly, section 365 of the Bankruptcy Code authorizes the assumption and assignment of the Services Agreement, provided that any defaults thereunder are cured and adequate assurance of future performance is provided.

4. Eni Petroleum objects to the Trustee's proposed cure cost of $0.00. Eni Petroleum only received the Assumption Notice yesterday and, accordingly, has not had sufficient time to determine the appropriate cure cost for the services agreement. However, Eni Petroleum believes that the cure cost is undoubtedly higher than $0.00. Therefore, Eni files this Limited Objection in order to reserve its right to assert the appropriate cure cost once Eni Petroleum has had sufficient time to determine such cure cost. Additionally, to date, Eni Petroleum has received no information on the potential buyer of the Clipper Assets. Absent any information on such potential buyer, Eni Petroleum cannot be confident of such buyer's ability to adequately perform under the Services Agreement after the sale. Accordingly, the Trustee has failed to provide any adequate assurance of future performance as required by section 365 of the Bankruptcy Code. Absent any such information, Eni Petroleum additionally objects to the assignment of the Services Agreement.

## RESERVATION OF RIGHTS

5. Eni Petroleum reserves the right to supplement or amend this Limited Objection in order to assert a proposed cure cost or to the extent the Trustee discloses any information regarding potential purchasers of the Clipper Assets.

WHEREFORE, Eni Petroleum respectfully requests that the Court sustain its limited objection and reservation of rights with respect the Assumption Notice, and grant it such other

relief as the Court deems just and proper.

                                  Respectfully submitted,

                                  **BRACEWELL LLP**

                                  By:   */s/ William A. (Trey) Wood III*
                                            William A. (Trey) Wood III
                                            Texas Bar No. 21916050
                                            Trey.Wood@bracewell.com
                                            711 Louisiana, Suite 2300
                                            Houston, Texas 77002
                                            Telephone: (713) 223-2300
                                            Facsimile:  (713) 221-1212

                                  **COUNSEL FOR ENI PETROLEUM US LLC**

## CERTIFICATE OF SERVICE

I certify that on July 26, 2017, a true and correct copy of the above pleading was served upon all parties via the Court's electronic case filing system (ECF), and via U.S. Mail on the parties listed below.

                                                  */s/ William A. (Trey) Wood III*
                                                  William A. (Trey) Wood III

COUNSEL FOR THE TRUSTEE

Hughes Watters Askanase, LLP
Total Plaza
1201 Louisiana St., 28th Floor
Houston, Texas 77002
Attn: Timothy A. Million and Randall A. Rios
tmillion@hwa.com
rrios@hwa.com

COUNSEL FOR THE PREPETITION AGENT

O'Melveny & Myers LLP
Times Square Tower
7 Times Square, New York, NY 10036
Attn: Michael F. Lotito
mlotito@omm.com

THE UNITED STATES TRUSTEE

Office of the U.S. Trustee for the Southern District of Texas
515 Rusk Street, Suite 3516
Houston, Texas 77002
Attn: Hector Duran
Hector.Duran.Jr@usdoj.gov

US ATTORNEY'S OFFICE FOR SOUTHERN DISTRICT OF TEXAS

U.S. Attorney's Office for the Southern District of Texas
1000 Louisiana St., Suite 2300
Houston, TX 77002
Attn: Eunice Hudson and Rick Kincheloe
Eunice.R.Hudson@usdoj.gov
Richard.Kincheloe@usdoj.gov