IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **BENNU OIL & GAS, LLC,** | § | **Case No.: 16-35930** |
| | § | |
| DEBTOR, | § | |
| | § | |
| --------------------------------------- | § | |
| **JANET S. NORTHRUP,** | § | |
| **CHAPTER 7 TRUSTEE** | § | |
| | § | |
| v. | § | **Adversary Pro. 19-_____** |
| | § | |
| **LAKESIDE CONSULTING** | § | |
| **SERVICES, LLC** | § | |

### TRUSTEE'S COMPLAINT TO AVOID AND RECOVER TRANSFERS

Janet S. Northrup, the chapter 7 Trustee for the above-referenced chapter 7 bankruptcy case and plaintiff herein (the "**Trustee**" or "**Plaintiff**"), files her *Complaint to Avoid and Recover Transfers* against Lakeside Consulting Services, LLC and in support thereof, would respectfully submit as follow:

### I. THE PARTIES

1.     Plaintiff, Janet S. Northrup is the duly qualified and acting chapter 7 trustee for the above-referenced chapter 7 bankruptcy case (the "**Case**") and may be served with any further pleading or document in this proceeding through the undersigned counsel.

2.     Lakeside Consulting Services, LLC ("**Lakeside**" or "**Defendant**") is a foreign entity with its principal offices located in Gueydan, Louisiana and may be served with process by serving its registered agent, Harold Chapman, 6416 Price Road, Gueydan, Louisiana 70542, by any means provided for under title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "**Bankruptcy Code**").

## II.  RELIEF REQUESTED AND ITS STATUTORY BASIS

3.　　The Trustee seeks a judgment avoiding and directing the recovery of certain transfers totaling no less than $127,076.81[1] from Defendant.  The requested relief is sought pursuant to sections 544, 547, 548, and 550 of the Bankruptcy Code, sections 24.005, 24.006, and 34.013 of the Texas Business and Commerce Code, and other applicable law.

## III.  JURISDICTION AND VENUE

4.　　This Court has jurisdiction of this adversary proceeding under 28 U.S.C. §§ 1334 and 157.

5.　　Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409(a) because the above-referenced bankruptcy case is pending before this Court.

## IV.　CORE PROCEEDING

6.　　This adversary is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (F), (H), (K), and (O).  Moreover, the Trustee consents to the entry of final orders or judgment by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

## V.  BACKGROUND

**A.  PROCEDURAL BACKGROUND**

7.　　On November 30, 2016 (the "**Petition Date**"), Bennu Oil & Gas, LLC (the "**Debtor**") filed a voluntary petition for relief pursuant to chapter 7 of the Bankruptcy Code, thereby initiating the Case.

---

[1] To the extent the Trustee learns of additional transfers from the Debtor to Defendant, through discovery or otherwise, the Trustee hereby reserves her rights to amend this Complaint to seek the avoidance and recovery of such transfers.

3059522

8.      Subsequent to the Petition Date, Janet S. Northrup was appointed as the chapter 7 trustee to administer the assets of the Debtor's bankruptcy estate (the "**Estate**").

**B.    FACTUAL BACKGROUND**

9.      On September 14, 2016, the Debtor made a payment in the amount of $38,179.32 to the Defendant (the "**First Transfer**").  The First Transfer was in the form of a wire transfer. More specifically, wire no. 795 made from the bank account ending in 7023, which cleared the Debtor's account on September 14, 2016.  On information and belief, the Defendant received the First Transfer and such was credited to its bank account.  The First Transfer was payment on account of an antecedent debt owed by the Debtor to Lakeside.

10.     On October 19, 2016, the Debtor made a payment in the amount of $38,251.73 to the Defendant (the "**Second Transfer**").  The Second Transfer was in the form of a wire transfer. More specifically, wire no. 956 made from the bank account ending 7023, which cleared the Debtor's account on October 19, 2016.  On information and belief, the Defendant received the Second Transfer and such was credited to its bank account.  The Second Transfer was payment on account of an antecedent debt owed by the Debtor to Lakeside.

11.     On November 2, 2016, the Debtor made a payment in the amount of $30,744.36 to the Defendant (the "**Third Transfer**").  The Third Transfer was in the form of a wire transfer. More specifically, wire no. 1006 made from the bank account ending 7023, which cleared the Debtor's account on November 2, 2016.  On information and belief, the Defendant received the Third Transfer and such was credited to its bank account.  The Third Transfer was payment on account of an antecedent debt owed by the Debtor to Lakeside.

12.     On November 17, 2016, the Debtor made a payment in the amount of $19,901.40 to the Defendant (the "**Fourth Transfer**").  The Fourth Transfer was in the form of a wire. More specifically, wire no. 1089 made from the bank account ending 7023, which cleared the

Debtor's account on November 17, 2016.  On information and belief, the Defendant received the Fourth Transfer and such was credited to its bank account.  The Fourth Transfer was payment on account of an antecedent debt owed by the Debtor to Lakeside.  The Fourth Transfer was the only wire Defendant received from the Debtor.

13.     The First Transfer, Second Transfer, Third Transfer, and Fourth Transfer are collectively referred to hereinafter as the "**Transfers**".

14.     The Transfers were made during the ninety (90) days immediately preceding the Petition Date (the "**90-Day Period**").  Pursuant to section 547(f), the Debtor is presumed to have been insolvent during the 90-Day Period.  Upon information and belief, the Debtor was insolvent at the time that each of the Transfers were made.

15.     The Trustee asserts that unsecured creditors will not be paid in full.

## VI.  CAUSES OF ACTION

### A.     COUNT I – TRANSFERS AVOIDABLE UNDER 11 U.S.C. § 547

16.     The Trustee re-alleges and incorporates all of the foregoing and ensuing allegations as if fully set forth herein at length.

17.     The Transfers are avoidable under section 547 of the Bankruptcy Code.  Section 547(b) of the Code provides:

> Except as provided in subsections (c) and (i) of this section, the trustee may avoid any transfer of an interest of the debtor in property—
>
> (1)     to or for the benefit of a creditor;
> (2)     for or on account of an antecedent debt owed by the debtor before such transfer was made;
> (3)     made while the debtor was insolvent;
> (4)     made—
>
> >       (A)     on or within 90 days before the date of the filing of the petition; or

        (B)    Between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider. . .

    (5)    that enables such creditor to receive more than such creditor would receive if—

        (A)    the case were a case under chapter 7 of this title;

        (B)    the transfer had not been made; and

        (C)    such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. §547(b).

18.    Under section 547(b), the Transfers constitute an avoidable preference because:

    i.    the Transfers to the Defendant constitute a transfer of an interest of the Debtor in property;

    ii.    the Transfers were to or for the benefit of the Defendant;

    iii.    the Transfers were for or on account of an antecedent debt owed by the Debtor before it made such payment(s);

    iv.    pursuant to section 547(f), the Debtor is presumed to have been insolvent at the time the Transfers were made.  Moreover, upon information and belief, the Debtor was insolvent at the time each of the Transfers were made;

    v.    the Transfers were made on or within ninety (90) days before the Petition Date; and

    vi.    The Transfers enabled the Defendant to receive more than what it would have received if (i) the case were a case under chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and (iii) the Defendant received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

**B.**    **COUNT II – TRANSFERS AVOIDABLE UNDER 11 U.S.C. § 548**

19.    The Trustee re-alleges and incorporates all of the foregoing and ensuing allegations as if fully set forth herein at length.

20.    In the *alternative*, the Transfers are avoidable by the Trustee under section 548 of the Bankruptcy Code.

21.    The Transfers are fraudulent transfers under section 548 of the Bankruptcy Code because:

    i.    the Transfers were an interest of the Debtor in property;

    ii.    the Transfers were made within two years prior to the Petition Date; and

    iii.    the Debtor received less than reasonably equivalent value in exchange for the Transfers, and the Debtor (a) was insolvent when each of the Transfers were made or became insolvent as a result of such transfers, (b) was engaged or was about to engage in a business or transaction for which the Debtor's remaining property was unreasonably small capital, or (c) intended to incur or believed that the Debtor would incur, debts beyond Debtor's ability to pay as they became due.

## C.    COUNT III – TRANSFERS AVOIDABLE UNDER 11 U.S.C. § 544 AND TEXAS BUSINESS AND COMMERCE CODE § 24.005

22.    The Trustee re-alleges and incorporates all of the foregoing and ensuing allegations as if fully set forth herein at length.

23.    In the *alternative*, the Transfers are avoidable by the Trustee under section 544 of the Bankruptcy Code in conjunction with section 24.005 of the Texas Business and Commerce Code.

24.    The Transfers are fraudulent transfers under section 24.005 of the Texas Business and Commerce Code in conjunction with section 544 of the Bankruptcy Code because:

    i.    the Transfers were made by the Debtor without receiving a reasonably equivalent value in exchange, and the Debtor (a) was engaged or was about to engage in a business or transaction for which the Debtor's remaining assets were unreasonably small in relation to the business or transaction, or (b) intended to incur or believed that the Debtor would incur debts beyond the Debtor's ability to pay as they became due; and

    ii.    a creditor exists whose claim arose before the occurrence of the Transfers for whom the Trustee can act.

**D.**  **COUNT IV – TRANSFERS AVOIDABLE UNDER 11 U.S.C. § 544 AND TEXAS BUSINESS AND COMMERCE CODE § 24.006**

25.     The Trustee re-alleges and incorporates all of the foregoing and ensuing allegations as if fully set forth herein at length.

26.     In the *alternative*, the Transfers are avoidable by the Trustee under section 544 of the Bankruptcy Code and section 24.006 of the Texas Business and Commerce Code § 24.006.

27.     The Transfers are fraudulent transfers under section 24.006 of the Texas Business and Commerce Code in conjunction with section 544 of the Bankruptcy Code because:

      i.    the Debtor did not receive reasonably equivalent value in exchange for the transfers and the Debtor was insolvent at the time of the Transfers or became insolvent as a result of the Transfers; and

      ii.    a creditor exists whose claim arose before the occurrence of the Transfers for whom the Trustee can act.

**E.**  **COUNT V – TRANSFERS ARE RECOVERABLE UNDER 11 U.S.C. § 550**

28.     The Trustee re-alleges and incorporates all of the foregoing and ensuing allegations as if fully set forth herein at length.

29.     The Trustee would show that the Transfers are recoverable under section 550 of the Bankruptcy Code.

30.     Section 550(a)(1) of the Code provides that:

Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544 . . . 547, 548 . . . of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from—

(1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; . . . .

11 U.S.C. § 550(a)(1).

31.     The Defendant was the initial transferee of the Transfers.    Moreover, the Transfers were made for the benefit of the Defendant.   Accordingly, the Trustee is entitled to avoid and recover the Transfers from the Defendant under Bankruptcy Code (i) sections 547 and 550, (ii) sections 548 and 550, and/or (iii) sections 544 and 550.

**F.     COUNT VI – ATTORNEY'S FEES**

32.     To the extent allowed by applicable law, the Trustee requests an award of her reasonable fees and costs pursuant to section 34.013 of the Texas Business and Commerce Code and any additional applicable law.

### VII.  CONCLUSION

33.     For the reasons set forth herein, the Plaintiff, Janet S. Northrup, chapter 7 Trustee for the above-referenced bankruptcy estate, respectfully requests that this Court enter judgment in her favor as set forth above and grant her all further relief, both at law and in equity, to which she may justly be entitled.

DATED this 26th day of July, 2019.

Respectfully submitted,

HUGHES WATTERS ASKANASE, L.L.P.

*/s/ Heather McIntyre*
J. Wayne Kitchens
State Bar No. 11541110
Heather Heath McIntyre
State Bar No. 24041076
TOTAL PLAZA
1201 Louisiana St., 28th Floor
Houston, Texas 77002-4168
Telephone:  713-759-0818
Facsimile:  713-759-6834

**ATTORNEYS FOR THE PLAINTIFF,
JANET S. NORTHRUP, CHAPTER 7 TRUSTEE**

3059522