IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| BENNU OIL & GAS, LLC, *et. al.,*[1] | § § | CASE NO. 16-35930 |
| DEBTORS. | § § § | JOINTLY ADMINISTERED |

TRUSTEE'S MOTION TO
COMPROMISE CONTROVERSY WITH DANOS, LLC PURSUANT TO
FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO: THE HONORABLE DAVID R. JONES UNITED STATES CHIEF BANKRUPTCY JUDGE:

Janet S. Northrup, the chapter 7 trustee (the "**Trustee**") for the above-referenced jointly administered bankruptcy cases hereby files the *Trustee's Motion to Compromise Controversy with Danos, LLC, Inc. Pursuant to Federal Rule of Bankruptcy Procedure 9019* (the "**Motion**"). In support of the Motion, the Trustee would respectfully submit as follows:

---

[1] The Debtors in these jointly administered chapter 7 cases are Bennu Oil & Gas, LLC (Case No. 16-35930), Bennu Blocker, Inc. (Case No. 16-35931), and Bennu Holdings, LLC (Case No. 16-35932).

3070081

## I. INTRODUCTION

1. The Trustee seeks approval of a comprehensive compromise reached with Danos, LLC ("**Danos**"). Under the proposed compromise, the Trustee will receive payment in the amount of $30,000.00 plus payment of $5,000 for attorneys fees in exchange for the release of all claims and causes of action against Danos held by the bankruptcy estate of Bennu Oil & Gas, LLC (the "**Estate**"), including claims related to the alleged pre-petition preferential transfers to Danos from Bennu Oil & Gas, LLC in the amount of $464,772.30. A detailed description of the proposed compromise is set forth below. **While the parties have agreed to the proposed compromise, the factual recitations set forth herein are solely those of the Trustee and are not necessarily agreed to by Danos.**

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## III. CORE PROCEEDING

3. This is a core proceeding under 28 USC § 157(b)(2)(A) and (O). Since this is a core proceeding, the Bankruptcy Court has constitutional authority to enter final orders regarding the Motion. Further, to the extent that the Court determines that it does not have authority to enter a final judgment on a portion of or the entire Motion, the Trustee requests that the Court issue a report and recommendation for a judgment to the United States District Court for the Southern District of Texas, Houston Division.

## IV. BACKGROUND

4. On November 30, 2016 (the "**Petition Date**"), Bennu Oil & Gas, LLC ("**Bennu**" or the "**Debtor**") and each of the affiliated debtors (collectively and together with Bennu, the

"**Debtors**") filed voluntary petitions for relief pursuant to chapter 7 of the Bankruptcy Code, thereby initiating the above-styled and subsequently jointly administered bankruptcy cases (the "**Cases**").

5. Also on November 30, 2016, the Trustee was appointed to serve as the chapter 7 trustee in the Cases.

6. On January 26, 2017, the Trustee conducted the Debtors' statutory 341 creditors meeting.

7. On February 8, 2017, Trustee filed the *Trustee's Motion for Order Directing Joint Administration of Cases,* thereby requesting that the Cases be consolidated for administration purposes only (the "**Joint Administration Motion**"). [Case No. 16-35930, Docket No. 53]. On March 30, 2017, an order granting the Joint Administration Motion was entered thereby establishing that the Cases would thereafter be administered under Case No. 16-35930. [Case No. 16-35930, Docket No. 87].

8. Subsequent to her appointment, the Trustee began an investigation of the Debtors' affairs, including, but not limited to, potentially avoidable preferential transfers. Among the potential preferential transfers identified by the Trustee were five (5) payments made from Bennu to Danos in the months of September, October, and November of 2016, which totaled $464,772.30 (the "**Transfers**"). As a result of her investigation, it was determined that the Transfers are avoidable and recoverable pursuant to sections 547 and 550 of the Bankruptcy Code.

9. Thereafter, the Trustee's counsel sent a demand letter to Danos requesting that Danos return $464,772.30 to the Trustee on account of the Transfers. The parties entered into two tolling agreement during which the Trustee attempted settlement negotiations with Danos.

Failing receipt of a third tolling agreement from Danos, the Trustee filed Adversary No. 19-03528 on June 3, 2019. Danos did not file a responsive pleading.

1. On August 19, 2019, the Trustee filed her *Motion for Entry of Default and Default Judgment* against Danos, which remains pending. [Adv. Dkt. No. 7].

2. On August 29, 2019, Danos filed an answer at Docket No. 8. On August 30, 2019, Danos filed its *Motion for Leave to File out of Time Answer to Trustee's Complaint to Avoid and Recover Fees*. [Adv. Dkt. No. 9] ("Motion for Leave"). On September 5, 2019, the Trustee filed a motion to strike Danos's late-filed answer [Adv. Dkt. No. 10] and an objection to Danos's Motion for Leave [Adv. Dkt. No. 11]. On September 23, 2019, Danos filed its response to the Trustee motion to strike [Adv. Dkt. No. 12]. On September 27, 2019, the Trustee filed a reply to Danos's response. [Adv. Dkt. No. 13].

10. Thereafter, counsel for the Trustee and Danos engaged in settlement discussions during the pendency of the Trustee's motion for default and related filings. Throughout the discussions, Danos has asserted defenses related to the motion for default and the underlying substantive issues related to the Transfers and its willingness to defend its positions. Nevertheless, the Trustee and Danos have explored various options for resolving the dispute without incurring the delays and expenses associated with litigation. After much negotiation and the exchange of various offers and subject to this Court's approval, the parties have reached a comprehensive agreement.

## V. RELIEF REQUESTED

11. The parties, after having engaged in settlement discussions, have agreed to a comprehensive settlement agreement (the "**Settlement**") of which they now seek Bankruptcy Court approval. Subject to Bankruptcy Court approval pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, the parties have agreed to enter into the Settlement thereby

resolving all disputes between them related to the Transfers. The essential terms of the Settlement are as follows:

    i.    Within 10 business days after entry of an order approving the Settlement, Danos shall make a payment in the amount of $30,000.00 to the Trustee (the "**Settlement Payment**");

    ii.    Within 10 business days after entry of an order approving the Settlement, Danos shall make a payment in the amount of $5,000.00 to HughesWattersAsksanase, LLP to reduce attorneys' fees to the Estate incurred in prosecuting the adversary proceeding against Danos (the "**Attorneys' Fees Payment**");

    iii.    Within 10 business days of the Trustee's receipt of and the clearing of the Settlement Payment and Attorneys' Fees Payment, the Trustee shall seek dismissal with prejudice of the Adversary Proceeding No. 19-03528 against Danos;

    iv.    Upon the entry of an order approving the Settlement, any and all claims of any kind or nature whatsoever, known or unknown, pre- or post-petition, suspected, or unsuspected, fixed or contingent held by Danos, together with any and all of its affiliates and related entities and its past, present, or future agents, administrators, trustees, predecessors, successors, or assigns against the Trustee and/or the Estate, which are related to the Transfers, the Cases, or otherwise shall be released and forever discharged; provided, however, that such release does not apply to or affect any payments previously made or to be made on account of Danos' proof of claim filed at claim No. 21 of the Claims Register in this case. Moreover, Danos shall waive the right to file any claim related to the Settlement Payment pursuant to section 502(h) of the Bankruptcy Code; and

    v.    Upon the Trustee's receipt of the Settlement Payment in good funds, and the Bankruptcy Court's approval of the Settlement, any and all claims of any kind or nature whatsoever, known or unknown, pre- or post-petition, suspected, or unsuspected, fixed or contingent held by the Trustee and/or the Estate against Danos, its past, present, or future agents, employees, shareholders, officers, directors, administrators, trustees, predecessors, successors, or assigns, which are related to the Transfers, the Cases, or otherwise shall be released and forever discharged.

## VI.  MERITS OF THE SETTLEMENT

12.    The merits of a proposed compromise should be judged under the criteria set forth in *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S.

5

414 (1968). *TMT Trailer* requires that a compromise must be "fair and equitable." *TMT Trailer*, 390 U.S. at 424; *In re AWECO, Inc.*, 725 F.2d 293, 298 (5th Cir.), *cert. denied*, 469 U.S. 880 (1984). The term "fair and equitable" means that senior interests are entitled to priority over junior interests. *TMT Trailer*, 390 U.S. at 441; *AWECO*, 725 F.2d at 298.

13. In determining whether a proposed compromise is fair and equitable, a court should consider the following factors:

   i. the probabilities of ultimate success should the claim be litigated;

   ii. the complexity, expense, and likely duration of litigating the claim;

   iii. the difficulties of collecting a judgment rendered from such litigation; and

   iv. all other factors relevant to a full and fair assessment of the wisdom of the compromise.

*TMT Trailer*, 390 U.S. at 424. The Trustee believes that the proposed settlement satisfies the requirements established by the U.S. Supreme Court in *TMT Trailer*.

14. Although the Trustee bears the burden of establishing that the proposed compromise is in the best interest of the Estate, compromises are a normal part of the bankruptcy process and oftentimes a desirable and wise method of bringing to a close proceedings that are otherwise lengthy, complicated, and costly. As such, the Trustee's burden is not high. *In re Shankman*, No. 08-36327, 2010 WL 743297, at *3 (Bankr. S.D. Tex. Mar. 2, 2010). The decision to approve a compromise lies within the Court's discretion, and the Court "need not conduct a mini-trial to determine the probable outcome of any claims waived in the settlement." *Id.* (*quoting In re Cajun Elec. Power Co-Op, Inc.*, 119 F.3d 349, 355 (5th Cir. 1997)). The Trustee "need only show that . . . [her] decision falls within the 'range of reasonable litigation alternatives.'" *Id.* (internal citations omitted).

15. The proposed settlement is fair, equitable, and in the best interest of the Estate and its creditors. Additionally, the proposed settlement is the product of arms-length bargaining and not of fraud or collusion. Accordingly, the Trustee believes that the proposed settlement satisfies the requirements established by the U.S. Supreme Court in *TMT Trailer*.

## VII. ANALYSIS OF PROPOSED SETTLEMENT

A. PROBABILITIES OF ULTIMATE SUCCESS

16. The Trustee has undertaken an investigation of the facts and circumstances surrounding the Transfers, the various defenses available to Danos, and the relevant case law. Danos has asserted defenses related to the pending motion for default. Additionally, Danos has asserted substantial defenses related to the Transfers that if Danos prevailed on defeating the Trustee's motion for default would substantially reduce the Trustee's recovery on the Transfers. Based upon the Trustee's investigation and the defenses supplied by Danos, the Trustee has concluded that it is likely that certain of Danos's potential defenses are valid and they would likely substantially reduce or eliminate any judgment obtained by the Trustee.

17. In order to successfully prosecute an avoidance action, the Trustee would be required to successfully demonstrate each of the elements of a preferential transfer under section 547 of the Bankruptcy Code. The Trustee recognizes that there is always risk associated with litigation.

18. After considering all of the positives and negatives of the Trustee's position, the Trustee has concluded that the proposed Settlement is a good result for the Estate. Through the proposed Settlement and without incurring the legal fees and expenses associated with the litigation required to avoid the Transfers, the Trustee will be paid $30,000.00 for the benefit of the Estate. Danos has asserted substantial defenses that would significantly reduce or eliminate the preferential transfers. Thus, in the Trustee's business judgment, the litigation risk associated

with the avoidance of the Transfers is high. Accordingly, this factor supports the proposed compromise.

**B.     COMPLEXITY, EXPENSE, AND LIKELY DURATION**

19.     The issues involved with the prosecution of an adversary proceeding to avoid the Transfers would not be extremely complicated and would involve the Bankruptcy Code. The duration of the potential litigation would likely be no less than four (4) to six (6) months, with legal costs and expenses of approximately $15,000.00 to $35,000.00 through any trial of the matter. Ultimately, pursing litigation would likely result in both sides incurring significant costs, with questionable benefit and uncertain results. Moreover, no allowance has been made for possible appeals or the fees associated with an expert witness. This factor supports approval of the proposed compromise.

**C.     DIFFICULTIES OF COLLECTION**

20.     The Trustee does not have serious concerns about the collectability of a judgment against Danos. The Trustee would assert this factor is neutral as to approval of the proposed compromise.

**D.     OTHER FACTORS**

21.     The Trustee believes that the proposed Settlement is equitable and in the best interest of the Estate given the potential risk of not prevailing on her objection to Danos's pleadings to allow it to file an answer and the likely defenses Danos would raise if this matter were litigated. By settling this matter, neither of the parties will expend any money litigating the dispute, which will minimize administrative expenses and allow for greater distributions to the creditors of the Estate.

22.     Further, the Estate's attorneys' fees associated with filing the motion for default and related pleadings will be paid by Danos directly to the Trustee's Firm,

HughesWattersAskanase, LLP, thereby reducing the attorneys' fees to be borne by the Estate in the amount of $5,000.

## VIII. CONCLUSION

23. For the reasons set forth herein, the Trustee respectfully requests the entry of an order approving the compromise and granting the Trustee such other relief, both at law and in equity, to which she may justly be entitled.

DATED: October 4, 2019.

Respectfully submitted,

HUGHES WATTERS ASKANASE, LLP

By: /s/ Heather Heath McIntyre
Wayne Kitchens         TBN 11541110
wkitchens@hwa.com
Heather Heath McIntyre   TBN 24041076
hmcintyre@hwa.com
1201 Louisiana, Suite 2800
Houston, TX 77002
Telephone:   713-759-0818
Facsimile:    713-759-6834
ATTORNEYS FOR PLAINTIFF,
JANET S. NORTHRUP, TRUSTEE

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the *Trustee's Motion to Compromise Controversy with Danos, LLC Pursuant to Federal Rule of Bankruptcy Procedure 9019* was served on the parties shown on the attached service list either *via* electronic means as listed on the court's ECF noticing system or United States first class mail, postage prepaid, on October 4, 2019.

/s/ Heather Heath McIntyre
Heather Heath McIntyre

3070081

## SERVICE LIST

**Debtors**
*Bennu Oil & Gas, LLC
1330 Post Oak Blvd., Suite 1600
Houston, TX 77056

*Bennu Blocker, Inc.
1330 Post Oak Blvd., Suite 1600
Houston, TX 77056

*Bennu Holdings, LLC
1330 Post Oak Blvd., Suite 1600
Houston, TX 77056

**Debtors' Counsel**
John P. Melko
Gardere Wynne Sewell LLP
1000 Louisiana, Ste. 2000
Houston, TX 77002
*Email: jmelko@gardere.com*

**Chapter 7 Trustee**
Janet S. Northrup
Hughes Watters Askanase
Total Plaza
1201 Louisiana, 28th Floor
Houston, TX 77002

**Office of the U.S. Trustee**
Hector Duran
Office of the US Trustee
515 Rusk, Ste. 3516
Houston, TX 77002
*Via ECF: Hector.Duran.Jr@usdoj.gov*

Stephen Douglas Statham
Office of US Trustee
515 Rusk, Ste. 3516
Houston, TX 77002
*Via ECF: stephen.statham@usdoj.gov*

**Taxing Authorities**
Mike Sullivan
Tax Assessor – Collector
PO Box 4622
Houston, TX 77210

*Cypress Fairbanks ISD
Tax Assessor – Collector
David Piwonka
Houston, TX 77216

Sheldon ISD Tax Office
Tax Assessor – Collector
11411 C.E. King Parkway
Houston, TX 77044

Parkway Utility District
PO Box 1368
Friendswood, TX 77549

Jerry J. Larpenter
Sherriff and Ex-officio Tax Collector
PO Drawer 1670
Houma, LA 70361

Lafayette Parish Tax Collector
PO Box 52667
Lafayette, LA 70505

City of Lafayette
PO Box 4024
Lafayette, LA 70502

Leland Falcon, Sheriff & E.O. Tax Collector
Parish of Assumption
PO Box 69
Napoleonville, LA 70390

Internal Revenue Service
Centralized Insolvency Operation
P.O. Box 7346
Philadelphia, PA 19101-7346

*undeliverable

2992097-1

**20 Largest Creditors**

Bureau of Safety & Environmental Enforcement
Gulf of Mexico, OCS Region
1201 Elmwood Park Blvd.
New Orleans, LA  70123-2394

Murphy Exploration & Production Company
9805 Katy Freeway, Suite G200
Houston, TX  77024

First Insurance Funding, Corporation
450 Skokie Blvd., Suite 1000
Northbrook, IL  60062

FMC Technologies Inc.
PO Box 843402
Dallas, TX  75284-3402

Proserv Operations Inc.
Technology & Controls Texas
15151 Sommermeyer Street
Houston, TX  77041

*NGP Capital Resources Company
909 Fannin, Suite 3800
Houston, TX  77010

Oceaneering International, Inc.
PO Box 731943
Dallas, TX  75373

Shamrock Energy Solutions
c/o Gulf Coast Bank & Trust
PO Box 4232
Houma, LA  70361

*Danos & Curole Marine Contractors, LLC
PO Box 1460
13083 Highway 308
Larose, LA  70373

AGI Industries, Inc.
1170 Destrehan Ave
Harvey, LA  70058

Louisiana Cat
3799 West Airline Highway
PO Drawer 536
Reserve, LA  70084

Nabors Offshore Corporation
515 W Green Road, Suite 1000
Houston, TX  77067

Cactus Wellhead LLC
920 Memorial City Way, Suite 300
Houston, TX  77024

Expeditions & Productions Services, Inc.
PO Box 82644
Lafayette, LA  70598

Harris Caprock Communications, Inc.
4400 S. Sam Houston Parkway E.
Houston, TX  77048

Mako Subsea Consulting LLC
448 W 19th Street, Suite 162
Houston, TX  77008

AFS Petrologix, LLC
PO Box 1048
Youngsville, LA  70592

Fluid Care & Construction, Inc.
PO Box 9586
New Iberia, LA  90562

Subsea Control Serviced Ltd.
4 Gun Wharf
130 Wapping High Street
London
E1W 2NH

Martin Holdings, LLC
16201 East Main Street
Cut Off, LA  70345

*undeliverable

2992097-1

**Secured Creditors**
Wilmington Trust, N.A.
50 South Sixth Street, Suite 1290
Minneapolis, MN  55402

Duane Morris LLP
1330 Post Oak Blvd., #800
Houston, TX  77056

O'Melveny & Myers
400 South Hope Street, 18th Floor
Los Angeles, CA  90071

*Alpine Swift Master LP
767 Fifth Avenue, 16th Floor
c/o Wingspan
New York, NY  10153

Associated British Foods Pension Scheme -1
1620 26th Street, Suite 6000N
c/o Beachpoint Capital
Santa Monica, CA  90404

Avenue Credit Strategies Fund
399 Park Avenue, 6th Floor
New York, NY  10022

Bank of America NA
214 North Tryon Street
Charlotte, NC  28255

*Beadsea Opportunity LLC
777 Third Avenue, Suite 19A
New York, NY  10017

Bell Atlantic Master Trust
One Mellon Center, Suite 151-0915
c/o Credit Value Partners
Pittsburgh, PA  15258-0001

BOF Holdings IV, LLC
1450 Brickell Avenue, 31st Avenue
c/o Bayside Capital
Miami, FL  33131

Brookwood S A R L
6D, route de Treves
c/o Castle Hill asset Management
Senningerberg, Luxembourg
L-2633

Busbar
200 Clarendon Street, 55th Floor
c/o Arclight Capital Partners
Boston, MA  02117

*Castle Hill Enhanced Floating Rate
Opportunities Limited
42-44 Grosvenor Gardens
London, UK  SW1WOEB

Credit Suisse Loan Funding III LP
Eleven Madison Avenue, 23rd Floor
New York, NY  10010

*Credit Value Master Fund
777 Third Avenue, Suite 19A
New York, NY  10017

Fernwood Associates
1370 Avenue of the Americas, 33rd Floor
c/o Intermarket
New York, NY  20019

Fulcra Focused Yield Fund
415-1090 Wester Pender Street
Vancouver, BC  V6E 2N7

Goldman Sachs Lending Partners
200 West Street
New York, NY  10282-2198

JP Morgan Whitefriars Inc.
125 London Wall
c/o JP Morgan Chase
London, UK  EC2Y SAJ

Lake Water Total Return Opportunity Fund
3 Fennell Street, Suite 3
Skaneateles, NY  13152

*undeliverable

2992097-1

Lloyds Bank Pension Scheme
1620 26th Street, Suite 6000N
c/o Beachpoint Capital
Santa Monica, CA  90404

MSD Credit Opportunity Fund
645 Fifth Avenue, 21st Floor
New York, NY  10022

P Stone Lion
Four Chase Metrotech Center North
Brooklyn, NY  11245-0001

Pennantpark Credit Opportunities Fund
590 Madison Avenue, Floor 15
New York, NY  10022

Perella Weinberg Partners
767 Fifth Avenue, 4th Floor
New York, NY  10153

Royal Mail Pension Plan 1
1620 26th Street, Suite 6000N
c/o Beachpoint Capital
Santa Monica, CA  90404

*Schultze Master Fund Ltd.
3000 Westchester Avenue, Suite 204
Purchase, NY  10577

Sierra Income Corporation
c/o Medley Capital
280 Park Avenue, 6th Floor East
New York, NY  10017

Spectrum Credit Opportunities
1250 Broadway, 19th Floor
New York, NY  10152

Stone Lion Portfolio LP
Four Chase Metrotech center North
Brooklyn, NY  11245-0001

Whitehorse IX, Ltd.
1555 North Rivercenter Drive, Suite 302
Milwaukee, WI  53212

*undeliverable

2992097-1

Whitehorse VIII, Ltd.
601 Travis Street, 17th Floor
Houston, TX  77002

*Wingspan Master Fund LP
767 Fifth Avenue, 16th Floor
New York, NY  10153

**Parties Requesting Notice**
Owen Mark Sonik
Perdue Brandon Fielder Collins and Mott, LLP
1235 North Loop West, Ste. 600
Houston, TX 77008
*Via ECF:* osonik@pbfcm.com
*Attorney for Sheldon ISD*

Tara L. Grundemeier
Linebarger Goggan Blair & Sampson, LLP
1301 Travis Street, Suite 300
Houston, TX 77002
*Via ECF:*
houston_bankruptcy@publicans.com
*Attorney for Cypress Fairbanks ISD, Harris County*

William Alfred Wood, III
Bracewell LLP
711 Louisiana St., Ste. 2300
Houston, TX 77002-2781
*Via ECF:* Trey.Wood@bracewelllaw.com
*Attorney for TM Energy Holdings LLC, GMZ Energy Holdings LLC and CLP Energy LLC*

Michael W. Bishop
Gray Reed & McGraw, P.C.
4600 Thanksgiving Tower
1601 Elm St.
Dallas, TX 75201
*Via ECF:* mbishop@grayreed.com
*Attorney for SEACOR Marine, LLC*

Brian A. Kilmer
Kilmer Crosby & Walker PLLC
1004 Prairie Street, Suite 300
Houston, TX 77002
*Via ECF: bkilmer@kcw-lawfirm.com*
*Attorney for Fieldwood Energy LLC*

Eunice Rim Hudson
U.S. Dept. of Justice, Civil Div.
P.O. Box 875
Ben Franklin Station
Washington, DC 20044-0875
*Via ECF: Eunice.R.Hudson@usdoj.gov*

J. Eric Lockridge
Kean Miller LLP
P.O. Box 3513
Baton Rouge, LA 70821-3513
*Via ECF: eric.lockridge@keanmiller.com*
*Attorney for Murphy Exploration & Production Company – USA*

Richard A. Kincheloe
United States Attorney's Office
1000 Louisiana St., Suite 2300
Houston, TX 77002
*Via ECF: Richard.Kincheloe@usdoj.gov*

Andrew A. Braun
Gieger Laborde & Laperouse, LLC
701 Poydras St., Ste. 4800
New Orleans, LA 70139-4800
*Via ECF: abraun@glllaw.com*
*Attorney for WesternGeco, LLC*

M. Maraist
Anderson, Lehrman, Barre & Maraist
1001 Third Street, Ste 1
Corpus Christi, TX 78404
*Via ECF: kmaraist@albmlaw.com*
*Attorney for Archrock Partners Operating LLC and Archrock Services, L.P.*

Charles A. Beckham, Jr
Kelli S. Norfleet
Haynes & Boone
1221 McKinney St., Ste. 2100
Houston, TX 77010
*Via ECF: beckhamc@haynesboone.com*
*Attorneys for Wilmington Trust, National Association*

Michael Francis Lotito
Suzanne Uhland
O'Melveny & Myers LLP
Times Square Tower
7 Times Square
New York, NY 10036
*Via ECF: mlotito@omm.com*
*Attorney for Wilmington Trust, National Association*

Paul J. Goodwine
Samatha E. Marrone
Looper Goodwine, P.C.
650 Poydras Street, Suite 2400
New Orleans, LA  70130
*Attorney for Wilmington Trust, National Association*

Heather Lee Lingle
Dabney and Pappas
1776 Yorktown, Suite 425
Houston, TX 77056
*Via ECF: heather@dabneypappas.com*
*Attorney for Four Oaks Place Operating, LP*

Michael D. Rubenstein
Liskow Lewis
1001 Fannin Street, Suite 1800
Houston, TX 77002
*Via ECF: mdrubenstein@liskow.com*
*Attorney for Statoil USA E&P, Inc.*

\*undeliverable

2992097-1

Robin B. Cheatham
Adams Reese LLP
701 Poydras Street, Ste. 4500
New Orleans, LA 70139
*Via ECF: robin.cheatham@arlaw.com*
*Attorney for Sojitz Energy Venture, Inc.*

Elizabeth A. Green
Baker & Hostetler LLP
200 South Orange Avenue, Suite 2300
Orlando, FL  32801
*Via ECF: egreen@bakerlaw.com*
*Attorney for Panther Operating Company LLC*

Charles S. Kelley
Mayer Brown LLP
700 Louisiana Street, Suite 3400
Houston, Texas  77002-2730
*Via ECF:  ckelley@mayerbrown.com*

Sylvia Mayer
S. Mayer Law PLLC
PO Box 6542
Houston, TX  77265
*Via ECF:  smayer@smayerlaw.com*
*Attorney for Stone Energy*

Shari L. Heyen
David Eastlake
Grenberg Traurig, LLP
1000 Louisiana, Suite 1700
Houston, Texas  77002
*Via ECF:  HeyenS@gtlaw.com*
         *EastlakeD@gtlaw.com*
*Attorneys for Oceaneering International, Inc.*

Louis M. Phillips
Kelly Hart & Pitre
One American Place
301 Main Street, Suite 1600
Baton Rouge, LA  70801-1916
*Via ECF:  louis.phillips@kellyhart.com*
*Counsel for Gerald H. Schiff, Chapter 11 Trustee*

Bellis Family Ventures, LLC and
Suzanne K. Bellis Survivor's
 Trust Share One
702 Acacia Ave.
Corona Del Mar, CA  92625

Tony L. Draper
Walker Wilcox Matousek, LLP
1001 McKinney, Suite 2000
Houston, TX  77002
*Via ECF:  tdraper@wwmlawyers.com*

Ross Spence
Snow Spence Green LLP
2929 Allen Parkway, Suite 2800
Houston, TX  77019
*Via ECF: ross@snowspencelaw.com*
*Attorney for Supreme Services & Specialty Co., Inc.*

Zachary S. McKay
Dore Law Group, P.C.
17171 Park Row, Suite 160
Houston, TX  77084
*Via ECF:  zmckay@dorelawgroup.net*
*Attorney for Nabors Offshore Corporation*

Steven W. Soule
Hall, Estill, et al.
320 South Boston Avenue, Suite 200
Tulsa, OK  74103-3706
*Via ECF:  ssoule@hallstill.com*
*Attorney for The Williams Companies, Discovery Gas Transmission and Discovery Producer Services*

Casey Doherty
Gray Reed & McGraw LLP
1300 Post Oak Blvd., Suite 2000
Houston, TX  77056
*Via ECF: cdoherty@grayreed.com*
*Attorney for Deep Trend Storage and Solutions*

*undeliverable

2992097-1

Michael D. Rubenstein
Liskow & Lewis
1001 Fannin Street, Suite 1800
Houston, TX  77002
Via ECF: mdrubenstein@liskow.com
*Attorney for Statoil USA E&P, Inc.*

Pamela H. Walters
Aldine ISD
2520 W.W. Thorne Drive
Houston, TX  77073
Via ECF:  bnkatty@aldineisd.org
*Attorney for Aldine ISD*

Richard M Gaal
McDowell Knight et al
11 North Water St., Ste. 13290
Mobile, AL 36602
Via ECF: rgaal@mcdowellknight.com

William A. (Trey) Wood, III
Jonathan Lozano
Bracewell LLP
711 Louisiana Street, Suite 2300
Houston, TX  77002
Via ECF:  Trey.Wood@bracewelllaw.com
        Jonathan.Lazano@bracewelllaw.com

*undeliverable

2992097-1