IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| BENNU OIL & GAS, LLC, *et. al.,*[1] | § | CASE NO. 16-35930 |
| | § | |
| DEBTORS. | § | JOINTLY ADMINISTERED |
| | § | |

**TRUSTEE'S MOTION TO COMPROMISE CONTROVERSY WITH
DOCO INDUSTRIAL INSULATORS, INC. PURSUANT TO
<u>FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019</u>**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO:    THE HONORABLE DAVID R. JONES UNITED STATES CHIEF BANKRUPTCY JUDGE:

Janet S. Northrup, the chapter 7 trustee (the "**Trustee**") for the above-referenced jointly administered bankruptcy cases hereby files the *Trustee's Motion to Compromise Controversy with DOCO Industrial Insulators, Inc. Pursuant to Federal Rule of Bankruptcy Procedure 9019* (the "**Motion**"). In support of the Motion, the Trustee would respectfully submit as follows:

---

[1] The Debtors in these jointly administered chapter 7 cases are Bennu Oil & Gas, LLC (Case No. 16-35930), Bennu Blocker, Inc. (Case No. 16-35931), and Bennu Holdings, LLC (Case No. 16-35932).

3074038

## I. INTRODUCTION

1. The Trustee seeks approval of a comprehensive compromise reached with DOCO Industrial Insulators, Inc. ("**DOCO**"). Under the proposed compromise, the Trustee will receive payment in the amount of $115,000.00 in exchange for the release of all claims and causes of action against DOCO held by the bankruptcy estate of Bennu Oil & Gas, LLC (the "**Estate**"), including claims related to the alleged pre-petition preferential transfers to DOCO from Bennu Oil & Gas, LLC in the amount of $143,750.00. A detailed description of the proposed compromise is set forth below. **While the parties have agreed to the proposed compromise, the factual recitations set forth herein are solely those of the Trustee and are not necessarily agreed to by DOCO.**

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## III. CORE PROCEEDING

3. This is a core proceeding under 28 USC § 157(b)(2)(A) and (O). Since this is a core proceeding, the Bankruptcy Court has constitutional authority to enter final orders regarding the Motion. Further, to the extent that the Court determines that it does not have authority to enter a final judgment on a portion of or the entire Motion, the Trustee requests that the Court issue a report and recommendation for a judgment to the United States District Court for the Southern District of Texas, Houston Division.

## IV. BACKGROUND

4. On November 30, 2016 (the "**Petition Date**"), Bennu Oil & Gas, LLC ("**Bennu**" or the "**Debtor**") and each of the affiliated debtors (collectively and together with Bennu, the

"**Debtors**") filed voluntary petitions for relief pursuant to chapter 7 of the Bankruptcy Code, thereby initiating the above-styled and subsequently jointly administered bankruptcy cases (the "**Cases**").

5.  Also on November 30, 2016, the Trustee was appointed to serve as the chapter 7 trustee in the Cases.

6.  On January 26, 2017, the Trustee conducted the Debtors' statutory 341 creditors meeting.

7.  On February 8, 2017, Trustee filed the *Trustee's Motion for Order Directing Joint Administration of Cases,* thereby requesting that the Cases be consolidated for administration purposes only (the "**Joint Administration Motion**"). [Case No. 16-35930, Docket No. 53]. On March 30, 2017, an order granting the Joint Administration Motion was entered thereby establishing that the Cases would thereafter be administered under Case No. 16-35930. [Case No. 16-35930, Docket No. 87].

8.  Subsequent to her appointment, the Trustee began an investigation of the Debtors' affairs, including, but not limited to, potentially avoidable preferential transfers. Among the potential preferential transfers identified by the Trustee were three (3) payments made from Bennu to DOCO in the month of September 2016, which totaled $143,750.00 (the "**Transfers**"). As a result of her investigation, it was determined that the Transfers are avoidable and recoverable pursuant to sections 547 and 550 of the Bankruptcy Code.

9.  Thereafter, the Trustee's counsel sent a demand letter to DOCO requesting that DOCO return $143,750.00 to the Trustee on account of the Transfers. Having received no response from DOCO, the Trustee filed Adversary No. 18-3359 on November 27, 2018. DOCO did not file a responsive pleading. On August 20, 2019, the Trustee filed a motion for default

judgment [Adv. Docket No. 9]. The Court entered the default judgment on December 11, 2019 [Adv. Docket No. 11].

10. When the Trustee began post-judgment collection efforts, DOCO responded and the parties engaged in discussions as to how best to resolve the default judgment. After negotiation and the exchange of various offers and subject to this Court's approval, the parties have reached a comprehensive agreement wherein DOCO wired $115,000.00 to the Trustee for full satisfaction of the judgment, which is 80% of the default judgment.

## V. **RELIEF REQUESTED**

11. The parties, after having engaged in settlement discussions, have agreed to a comprehensive settlement agreement (the "**Settlement**") of which they now seek Bankruptcy Court approval. Subject to Bankruptcy Court approval pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, the parties have agreed to enter into the Settlement thereby resolving all disputes between them related to the Transfers. The essential terms of the Settlement are as follows:

   i. DOCO shall make a payment in the amount of $115,000.00 to the Trustee (the "**Settlement Payment**") which the Trustee currently holds in a segregated account pending Court approval of this compromise;

   ii. Upon the entry of an order approving the Settlement, any and all claims of any kind or nature whatsoever, known or unknown, pre- or post-petition, suspected, or unsuspected, fixed or contingent held by DOCO, its past, present, or future agents, administrators, trustees, predecessors, successors, or assigns against the Trustee and/or the Estate, which are related to the Transfers, the Cases, or otherwise shall be released and forever discharged; provided. Moreover, DOCO shall waive the right to file any claim related to the Settlement Payment pursuant to section 502(h) of the Bankruptcy Code; and

   iii. Upon the Trustee's receipt of the Settlement Payment in good funds, and the Bankruptcy Court's approval of the Settlement, any and all claims of any kind or nature whatsoever, known or unknown, pre- or post-petition, suspected, or unsuspected, fixed or contingent held by the Trustee and/or the Estate against DOCO, its past, present, or future agents, administrators, trustees, predecessors,

4

successors, or assigns which are related to the Transfers, the Cases, or otherwise shall be released and forever discharged.

## VI. MERITS OF THE SETTLEMENT

12. The merits of a proposed compromise should be judged under the criteria set forth in *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414 (1968). *TMT Trailer* requires that a compromise must be "fair and equitable." *TMT Trailer*, 390 U.S. at 424; *In re AWECO, Inc.*, 725 F.2d 293, 298 (5th Cir.), *cert. denied*, 469 U.S. 880 (1984). The term "fair and equitable" means that senior interests are entitled to priority over junior interests. *TMT Trailer*, 390 U.S. at 441; *AWECO*, 725 F.2d at 298.

13. In determining whether a proposed compromise is fair and equitable, a court should consider the following factors:

    i.    the probabilities of ultimate success should the claim be litigated;

    ii.    the complexity, expense, and likely duration of litigating the claim;

    iii.    the difficulties of collecting a judgment rendered from such litigation; and

    iv.    all other factors relevant to a full and fair assessment of the wisdom of the compromise.

*TMT Trailer*, 390 U.S. at 424. The Trustee believes that the proposed settlement satisfies the requirements established by the U.S. Supreme Court in *TMT Trailer*.

14. Although the Trustee bears the burden of establishing that the proposed compromise is in the best interest of the Estate, compromises are a normal part of the bankruptcy process and oftentimes a desirable and wise method of bringing to a close proceedings that are otherwise lengthy, complicated, and costly. As such, the Trustee's burden is not high. *In re Shankman*, No. 08-36327, 2010 WL 743297, at *3 (Bankr. S.D. Tex. Mar. 2, 2010). The decision to approve a compromise lies within the Court's discretion, and the Court "need not

3074038

conduct a mini-trial to determine the probable outcome of any claims waived in the settlement." *Id*. (*quoting In re Cajun Elec. Power Co-Op, Inc.*, 119 F.3d 349, 355 (5th Cir. 1997)). The Trustee "need only show that . . . [her] decision falls within the 'range of reasonable litigation alternatives.'" *Id*. (internal citations omitted).

15. The proposed settlement is fair, equitable, and in the best interest of the Estate and its creditors. Additionally, the proposed settlement is the product of arms-length bargaining and not of fraud or collusion. Accordingly, the Trustee believes that the proposed settlement satisfies the requirements established by the U.S. Supreme Court in *TMT Trailer*.

## VII. ANALYSIS OF PROPOSED SETTLEMENT

A. **PROBABILITIES OF ULTIMATE SUCCESS**

16. The Trustee has undertaken an investigation of the facts and circumstances surrounding the default judgment, the various defenses available to DOCO, and the relevant case law. In this instance, the Trustee has a default judgment against DOCO. DOCO may have defenses to collection of the judgment. More importantly, DOCO has offered to satisfy 80% of the default judgment without further collection efforts by the Trustee in the State of Louisiana where DOCO does business.

17. After considering all of the positives and negatives of the Trustee's position, the Trustee has concluded that the proposed Settlement is a good result for the Estate. Through the proposed Settlement and without incurring the legal fees and expenses associated with collection efforts against DOCO in Louisiana, the Trustee will be paid $115,000.00 for the benefit of the Estate. Thus, in the Trustee's business judgment, the collection risk associated with the default judgment is high. Accordingly, this factor supports the proposed compromise.

**B.     COMPLEXITY, EXPENSE, AND LIKELY DURATION**

18.     The issues involved with collection of the default judgment would not be extremely complicated. However, collection would occur in the State of Louisiana and require domestication of the default judgment. The duration of the collection would likely be no more than four (4) to six (6) months, with legal costs and expenses of approximately $10,000.00 to $15,000.00. This factor supports approval of the proposed compromise.

**C.     DIFFICULTIES OF COLLECTION**

19.     The Trustee does not have serious concerns about the collectability of a judgment against DOCO. The Trustee would assert this factor is neutral as to approval of the proposed compromise.

**D.     OTHER FACTORS**

20.     The Trustee believes that the proposed Settlement is equitable and in the best interest of the Estate. By settling this matter, neither of the parties will expend any money regarding collection of the default judgment and the Estate will realize 80% of the default judgment without further legal fees or costs, which will minimize administrative expenses and allow for greater distributions to the creditors of the Estate.

## VIII.  CONCLUSION

21.     For the reasons set forth herein, the Trustee respectfully requests the entry of an order approving the compromise and granting the Trustee such other relief, both at law and in equity, to which she may justly be entitled.

DATED: January 15, 2020.

        Respectfully submitted,

        HUGHES WATTERS ASKANASE, LLP

        By: */s/ Heather Heath McIntyre*
        Wayne Kitchens      TBN 11541110
        wkitchens@hwa.com
        Heather Heath McIntyre  TBN 24041076
        hmcintyre@hwa.com
        1201 Louisiana, Suite 2800
        Houston, TX 77002
        Telephone:    713-759-0818
        Facsimile:    713-759-6834
        ATTORNEYS FOR PLAINTIFF,
        JANET S. NORTHRUP, TRUSTEE

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the *Trustee's Motion to Compromise Controversy with DOCO Industrial Insulators, Inc. Pursuant to Federal Rule of Bankruptcy Procedure 9019* was served on the parties shown on the attached service list either *via* electronic means as listed on the court's ECF noticing system or United States first class mail, postage prepaid, on January 15, 2020.

        */s/ Heather Heath McIntyre*
        Heather Heath McIntyre

3074038

**SERVICE LIST**

**Debtors**
*Bennu Oil & Gas, LLC
1330 Post Oak Blvd., Suite 1600
Houston, TX 77056

*Bennu Blocker, Inc.
1330 Post Oak Blvd., Suite 1600
Houston, TX 77056

*Bennu Holdings, LLC
1330 Post Oak Blvd., Suite 1600
Houston, TX 77056

**Debtors' Counsel**
John P. Melko
Gardere Wynne Sewell LLP
1000 Louisiana, Ste. 2000
Houston, TX 77002
*Email: jmelko@gardere.com*

**Chapter 7 Trustee**
Janet S. Northrup
Hughes Watters Askanase
Total Plaza
1201 Louisiana, 28th Floor
Houston, TX 77002

**Office of the U.S. Trustee**
Hector Duran
Office of the US Trustee
515 Rusk, Ste. 3516
Houston, TX 77002
*Via ECF: Hector.Duran.Jr@usdoj.gov*

Stephen Douglas Statham
Office of US Trustee
515 Rusk, Ste. 3516
Houston, TX 77002
*Via ECF: stephen.statham@usdoj.gov*

**Taxing Authorities**
Mike Sullivan
Tax Assessor – Collector
PO Box 4622
Houston, TX 77210

*Cypress Fairbanks ISD
Tax Assessor – Collector
David Piwonka
Houston, TX 77216

Sheldon ISD Tax Office
Tax Assessor – Collector
11411 C.E. King Parkway
Houston, TX 77044

Parkway Utility District
PO Box 1368
Friendswood, TX 77549

Jerry J. Larpenter
Sherriff and Ex-officio Tax Collector
PO Drawer 1670
Houma, LA 70361

Lafayette Parish Tax Collector
PO Box 52667
Lafayette, LA 70505

City of Lafayette
PO Box 4024
Lafayette, LA 70502

Leland Falcon, Sheriff & E.O. Tax Collector
Parish of Assumption
PO Box 69
Napoleonville, LA 70390

Internal Revenue Service
Centralized Insolvency Operation
P.O. Box 7346
Philadelphia, PA 19101-7346

*undeliverable

2992097-1

**20 Largest Creditors**

Bureau of Safety & Environmental Enforcement
Gulf of Mexico, OCS Region
1201 Elmwood Park Blvd.
New Orleans, LA  70123-2394

Murphy Exploration & Production Company
9805 Katy Freeway, Suite G200
Houston, TX  77024

First Insurance Funding, Corporation
450 Skokie Blvd., Suite 1000
Northbrook, IL  60062

FMC Technologies Inc.
PO Box 843402
Dallas, TX  75284-3402

Proserv Operations Inc.
Technology & Controls Texas
15151 Sommermeyer Street
Houston, TX  77041

*NGP Capital Resources Company
909 Fannin, Suite 3800
Houston, TX  77010

Oceaneering International, Inc.
PO Box 731943
Dallas, TX  75373

Shamrock Energy Solutions
c/o Gulf Coast Bank & Trust
PO Box 4232
Houma, LA  70361

*Danos & Curole Marine Contractors, LLC
PO Box 1460
13083 Highway 308
Larose, LA  70373

AGI Industries, Inc.
1170 Destrehan Ave
Harvey, LA  70058

Louisiana Cat
3799 West Airline Highway
PO Drawer 536
Reserve, LA  70084

Nabors Offshore Corporation
515 W Green Road, Suite 1000
Houston, TX  77067

Cactus Wellhead LLC
920 Memorial City Way, Suite 300
Houston, TX  77024

Expeditions & Productions Services, Inc.
PO Box 82644
Lafayette, LA  70598

Harris Caprock Communications, Inc.
4400 S. Sam Houston Parkway E.
Houston, TX  77048

Mako Subsea Consulting LLC
448 W 19th Street, Suite 162
Houston, TX  77008

AFS Petrologix, LLC
PO Box 1048
Youngsville, LA  70592

Fluid Care & Construction, Inc.
PO Box 9586
New Iberia, LA  90562

Subsea Control Serviced Ltd.
4 Gun Wharf
130 Wapping High Street
London
E1W 2NH

Martin Holdings, LLC
16201 East Main Street
Cut Off, LA  70345

*undeliverable

2992097-1

**Secured Creditors**
Wilmington Trust, N.A.
50 South Sixth Street, Suite 1290
Minneapolis, MN  55402

Duane Morris LLP
1330 Post Oak Blvd., #800
Houston, TX  77056

O'Melveny & Myers
400 South Hope Street, 18th Floor
Los Angeles, CA  90071

*Alpine Swift Master LP
767 Fifth Avenue, 16th Floor
c/o Wingspan
New York, NY  10153

Associated British Foods Pension Scheme -1
1620 26th Street, Suite 6000N
c/o Beachpoint Capital
Santa Monica, CA  90404

Avenue Credit Strategies Fund
399 Park Avenue, 6th Floor
New York, NY  10022

Bank of America NA
214 North Tryon Street
Charlotte, NC  28255

*Beadsea Opportunity LLC
777 Third Avenue, Suite 19A
New York, NY  10017

Bell Atlantic Master Trust
One Mellon Center, Suite 151-0915
c/o Credit Value Partners
Pittsburgh, PA  15258-0001

BOF Holdings IV, LLC
1450 Brickell Avenue, 31st Avenue
c/o Bayside Capital
Miami, FL  33131

Brookwood S A R L
6D, route de Treves
c/o Castle Hill asset Management
Senningerberg, Luxembourg
L-2633

Busbar
200 Clarendon Street, 55th Floor
c/o Arclight Capital Partners
Boston, MA  02117

*Castle Hill Enhanced Floating Rate
Opportunities Limited
42-44 Grosvenor Gardens
London, UK  SW1WOEB

Credit Suisse Loan Funding III LP
Eleven Madison Avenue, 23rd Floor
New York, NY  10010

*Credit Value Master Fund
777 Third Avenue, Suite 19A
New York, NY  10017

Fernwood Associates
1370 Avenue of the Americas, 33rd Floor
c/o Intermarket
New York, NY  20019

Fulcra Focused Yield Fund
415-1090 Wester Pender Street
Vancouver, BC  V6E 2N7

Goldman Sachs Lending Partners
200 West Street
New York, NY  10282-2198

JP Morgan Whitefriars Inc.
125 London Wall
c/o JP Morgan Chase
London, UK  EC2Y SAJ

Lake Water Total Return Opportunity Fund
3 Fennell Street, Suite 3
Skaneateles, NY  13152

*undeliverable

2992097-1

Lloyds Bank Pension Scheme
1620 26th Street, Suite 6000N
c/o Beachpoint Capital
Santa Monica, CA  90404

MSD Credit Opportunity Fund
645 Fifth Avenue, 21st Floor
New York, NY  10022

P Stone Lion
Four Chase Metrotech Center North
Brooklyn, NY  11245-0001

Pennantpark Credit Opportunities Fund
590 Madison Avenue, Floor 15
New York, NY  10022

Perella Weinberg Partners
767 Fifth Avenue, 4th Floor
New York, NY  10153

Royal Mail Pension Plan 1
1620 26th Street, Suite 6000N
c/o Beachpoint Capital
Santa Monica, CA  90404

*Schultze Master Fund Ltd.
3000 Westchester Avenue, Suite 204
Purchase, NY  10577

Sierra Income Corporation
c/o Medley Capital
280 Park Avenue, 6th Floor East
New York, NY  10017

Spectrum Credit Opportunities
1250 Broadway, 19th Floor
New York, NY  10152

Stone Lion Portfolio LP
Four Chase Metrotech center North
Brooklyn, NY  11245-0001

Whitehorse IX, Ltd.
1555 North Rivercenter Drive, Suite 302
Milwaukee, WI  53212

*undeliverable

Whitehorse VIII, Ltd.
601 Travis Street, 17th Floor
Houston, TX  77002

*Wingspan Master Fund LP
767 Fifth Avenue, 16th Floor
New York, NY  10153

**Parties Requesting Notice**
Owen Mark Sonik
Perdue Brandon Fielder Collins and Mott, LLP
1235 North Loop West, Ste. 600
Houston, TX 77008
*Via ECF: osonik@pbfcm.com*
*Attorney for Sheldon ISD*

Tara L. Grundemeier
Linebarger Goggan Blair & Sampson, LLP
1301 Travis Street, Suite 300
Houston, TX 77002
*Via ECF:*
*houston_bankruptcy@publicans.com*
*Attorney for Cypress Fairbanks ISD, Harris County*

William Alfred Wood, III
Bracewell LLP
711 Louisiana St., Ste. 2300
Houston, TX 77002-2781
*Via ECF: Trey.Wood@bracewelllaw.com*
*Attorney for TM Energy Holdings LLC, GMZ Energy Holdings LLC and CLP Energy LLC*

Michael W. Bishop
Gray Reed & McGraw, P.C.
4600 Thanksgiving Tower
1601 Elm St.
Dallas, TX 75201
*Via ECF: mbishop@grayreed.com*
*Attorney for SEACOR Marine, LLC*

2992097-1

Brian A. Kilmer
Kilmer Crosby & Walker PLLC
1004 Prairie Street, Suite 300
Houston, TX 77002
*Via ECF: bkilmer@kcw-lawfirm.com*
*Attorney for Fieldwood Energy LLC*

Eunice Rim Hudson
U.S. Dept. of Justice, Civil Div.
P.O. Box 875
Ben Franklin Station
Washington, DC 20044-0875
*Via ECF: Eunice.R.Hudson@usdoj.gov*

J. Eric Lockridge
Kean Miller LLP
P.O. Box 3513
Baton Rouge, LA 70821-3513
*Via ECF: eric.lockridge@keanmiller.com*
*Attorney for Murphy Exploration & Production Company – USA*

Richard A. Kincheloe
United States Attorney's Office
1000 Louisiana St., Suite 2300
Houston, TX 77002
*Via ECF: Richard.Kincheloe@usdoj.gov*

Andrew A. Braun
Gieger Laborde & Laperouse, LLC
701 Poydras St., Ste. 4800
New Orleans, LA 70139-4800
Via ECF: *abraun@glllaw.com*
*Attorney for WesternGeco, LLC*

M. Maraist
Anderson, Lehrman, Barre & Maraist
1001 Third Street, Ste 1
Corpus Christi, TX 78404
*Via ECF: kmaraist@albmlaw.com*
*Attorney for Archrock Partners Operating LLC and Archrock Services, L.P.*

Charles A. Beckham, Jr
Kelli S. Norfleet
Haynes & Boone
1221 McKinney St., Ste. 2100
Houston, TX 77010
*Via ECF: beckhamc@haynesboone.com*
*Attorneys for Wilmington Trust, National Association*

Michael Francis Lotito
Suzanne Uhland
O'Melveny & Myers LLP
Times Square Tower
7 Times Square
New York, NY 10036
*Via ECF: mlotito@omm.com*
*Attorney for Wilmington Trust, National Association*

Paul J. Goodwine
Samatha E. Marrone
Looper Goodwine, P.C.
650 Poydras Street, Suite 2400
New Orleans, LA 70130
*Attorney for Wilmington Trust, National Association*

Heather Lee Lingle
Dabney and Pappas
1776 Yorktown, Suite 425
Houston, TX 77056
*Via ECF: heather@dabneypappas.com*
*Attorney for Four Oaks Place Operating, LP*

Michael D. Rubenstein
Liskow Lewis
1001 Fannin Street, Suite 1800
Houston, TX 77002
*Via ECF: mdrubenstein@liskow.com*
*Attorney for Statoil USA E&P, Inc.*

\*undeliverable

2992097-1

Robin B. Cheatham
Adams Reese LLP
701 Poydras Street, Ste. 4500
New Orleans, LA 70139
Via ECF: robin.cheatham@arlaw.com
*Attorney for Sojitz Energy Venture, Inc.*

Elizabeth A. Green
Baker & Hostetler LLP
200 South Orange Avenue, Suite 2300
Orlando, FL  32801
Via ECF: egreen@bakerlaw.com
*Attorney for Panther Operating Company LLC*

Charles S. Kelley
Mayer Brown LLP
700 Louisiana Street, Suite 3400
Houston, Texas  77002-2730
Via ECF:  ckelley@mayerbrown.com

Sylvia Mayer
S. Mayer Law PLLC
PO Box 6542
Houston, TX  77265
Via ECF:  smayer@smayerlaw.com
*Attorney for Stone Energy*

Shari L. Heyen
David Eastlake
Grenberg Traurig, LLP
1000 Louisiana, Suite 1700
Houston, Texas  77002
Via ECF:  HeyenS@gtlaw.com
       EastlakeD@gtlaw.com
*Attorneys for Oceaneering International, Inc.*

Louis M. Phillips
Kelly Hart & Pitre
One American Place
301 Main Street, Suite 1600
Baton Rouge, LA  70801-1916
Via ECF:  louis.phillips@kellyhart.com
*Counsel for Gerald H. Schiff, Chapter 11 Trustee*

Bellis Family Ventures, LLC and
Suzanne K. Bellis Survivor's
 Trust Share One
702 Acacia Ave.
Corona Del Mar, CA  92625

Tony L. Draper
Walker Wilcox Matousek, LLP
1001 McKinney, Suite 2000
Houston, TX  77002
Via ECF:  tdraper@wwmlawyers.com

Ross Spence
Snow Spence Green LLP
2929 Allen Parkway, Suite 2800
Houston, TX  77019
Via ECF: ross@snowspencelaw.com
*Attorney for Supreme Services & Specialty Co., Inc.*

Zachary S. McKay
Dore Law Group, P.C.
17171 Park Row, Suite 160
Houston, TX  77084
Via ECF:  zmckay@dorelawgroup.net
*Attorney for Nabors Offshore Corporation*

Steven W. Soule
Hall, Estill, et al.
320 South Boston Avenue, Suite 200
Tulsa, OK  74103-3706
Via ECF:  ssoule@hallstill.com
*Attorney for The Williams Companies, Discovery Gas Transmission and Discovery Producer Services*

Casey Doherty
Gray Reed & McGraw LLP
1300 Post Oak Blvd., Suite 2000
Houston, TX  77056
Via ECF:  cdoherty@grayreed.com
*Attorney for Deep Trend Storage and Solutions*

*undeliverable

2992097-1

Michael D. Rubenstein
Liskow & Lewis
1001 Fannin Street, Suite 1800
Houston, TX  77002
Via ECF: mdrubenstein@liskow.com
*Attorney for Statoil USA E&P, Inc.*

Pamela H. Walters
Aldine ISD
2520 W.W. Thorne Drive
Houston, TX  77073
Via ECF:  bnkatty@aldineisd.org
*Attorney for Aldine ISD*

Richard M Gaal
McDowell Knight et al
11 North Water St., Ste. 13290
Mobile, AL 36602
Via ECF: rgaal@mcdowellknight.com

William A. (Trey) Wood, III
Jonathan Lozano
Bracewell LLP
711 Louisiana Street, Suite 2300
Houston, TX  77002
Via ECF:  Trey.Wood@bracewelllaw.com
          Jonathan.Lazano@bracewelllaw.com

*undeliverable

2992097-1